UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ANDREA W.,

Case No.   1:25-cv-00562

Plaintiff,

Hon. Robert J. Jonker
U.S. District Judge

v.

COMMISSIONER OF
SOCIAL SECURITY,

Defendant.

_____/

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses Plaintiff's appeal of Administrative Law Judge (ALJ) Dina LaMarche's decision denying Plaintiff's request for Disability Insurance Benefits (DIB).   This appeal is brought pursuant to 42 U.S.C. § 405(g).

The record before the Court demonstrates that Plaintiff suffers from a number of severe medically determinable impairments, including spinal fusion surgery, scoliosis, neuropathy, arthritis, and obesity.   As a result, Plaintiff suffers with back pain and says that the ALJ failed to properly consider her inability to stoop when considering Plaintiff's Residual Functional Capacity (RFC).   The Commissioner asserts that the ALJ properly considered the opinion evidence, including Plaintiff's ability to stoop, in formulating the RFC.

For the reasons stated below, the undersigned recommends that the Court affirm the ALJ's decision.

1

### I.    Procedural History

#### A.    Key Dates

The ALJ's decision notes that Plaintiff applied for DIB on September 6, 2022, alleging an onset date of June 23, 2022.    ECF No. 6-2, PageID.36.    Plaintiff's claim was initially denied by the Social Security Administration (SSA) on March 8, 2023. *Id*.    The claim was denied on reconsideration on August 9, 2023.    *Id*.    Plaintiff then requested a hearing before an ALJ.    ALJ LaMarche conducted a hearing on Plaintiff's claim on February 22, 2024, and issued her decision on May 10, 2024.    *Id*., PageID.36, 46.    Plaintiff filed this lawsuit on May 14, 2025.

#### B.  Summary of ALJ's Decision

The ALJ's decision correctly outlined the five-step sequential process for determining whether an individual is disabled.    ECF No. 6-2, PageID.37-38.    Before stating her findings at each step, the ALJ concluded that Plaintiff's Date Last Insured (DLI) was December 31, 2027.    *Id*., PageID.38.

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity (SGA) from June 23, 2022.    *Id*.

At Step Two, the ALJ found that the Plaintiff had the following severe impairments:    spinal fusion surgery, scoliosis, neuropathy, arthritis, and obesity. *Id*.    The ALJ discussed a number of non-severe impairments, including gallbladder removal surgery and an acute appendicitis status post laparoscopic appendectomy. *Id*., PageID.39.

At Step Three, the ALJ found that the Plaintiff did not have an impairment or

2

combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* The ALJ specifically commented on the impairments identified in Listings 1.15, 1.17, 1.18, 11.14, and Social Security Ruling 19-2p.  *Id.*

Before going on to Step Four, the ALJ found that the Plaintiff had the following RFC:

> to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can never climb ladders, ropes or scaffolds; occasionally climb ramps and stairs; occasionally stoop, kneel, crouch, crawl, and balance as balancing is defined by the Selected Characteristics of Occupations; frequently handle and finger bilaterally; can work in an environment with only occasional concentrated exposure to extreme cold (under 30 degrees), wetness, humidity (over 80%) or vibration; should have no exposure to environmental hazards such as high exposed places or moving mechanical parts and no commercial driving.

*Id.*

The ALJ devoted six pages to discussing Plaintiff's RFC.  This discussion included the following:

- a summary of the regulations regarding how the ALJ will address Plaintiff's symptoms, *id.*, PageID.39-40;

- a summary of Plaintiff's statements, *id*, PageID.40-41;

- a summary of the medical records relating to spinal fusion surgeries, scoliosis, degenerative disc disease, back pain, gallstones and gallbladder removal surgery, appendectomy, and a medical consultative examination which found that bending at the waist was limited to 30 degrees, *id.*, PageID.41-43;

- a summary of the opinions of Seth Van Heukelom, DO, and medical consultative examiners Ashok Sachdev, M.D., Thomas Flake, Jr., M.D., and Jeremey Mormol, M.D., *id.*, PageID.44; and

- an explanation as to why Dr. Sachdev and Dr. Flake's opinion was partially persuasive, why Dr. Mormol's opinion was largely persuasive, and why greater RFC restrictions were necessary, *id.*

At Step Four, the ALJ concluded that the Plaintiff was unable to perform Past Relevant Work (PRW).  *Id.*, PageID.44-45.

At Step Five, the ALJ considered the Plaintiff's age, education, work experience, and RFC and concluded that jobs existed in significant numbers in the national economy that the claimant could perform, such as charge account clerk, order clerk food and beverage, and document preparer.  *Id.*, PageID.45-46.

## II.    Standard of Review

Review of an ALJ's decision is limited to two issues: (1) "whether the ALJ applied the correct legal standards," and (2) "whether the findings of the ALJ are supported by substantial evidence."  *Winslow v. Comm'r of Soc. Sec.*, 566 F. App'x 418, 420 (6th Cir. 2014) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)); 42 U.S.C. § 405(g).  The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and the Commissioner's findings are conclusive provided they are supported by substantial

evidence.    42 U.S.C. § 405(g).

Substantial evidence is defined as more than a mere scintilla of evidence but "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Jones v. Sec'y of Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991).    In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and whatever evidence in the record fairly detracts from its weight.    *Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984) (citations omitted).    The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference.    *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted).    This standard affords the administrative decision maker considerable latitude and acknowledges that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.    *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).

### III.    Analysis

Plaintiff argues that the ALJ failed to properly evaluate the supportability of the medical opinions by not evaluating Plaintiff's ability to stoop according to SSR 96-9p.    SSR 96-9p states in part that:

> A *complete* inability to stoop would significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled would usually apply, but restriction to occasional stooping should, by itself, only minimally erode the unskilled occupational base of sedentary work. Consultation with a vocational resource may be particularly useful for cases where the individual is limited to less than occasional stooping.

5

*Titles II & XVI: Determining Capability to Do Other Work-Implications of A Residual Functional Capacity for Less Than A Full Range of Sedentary Work*, SSR 96-9P, 1996 WL 374185, *8 (S.S.A. July 2, 1996).

Plaintiff argues that although the ALJ found Drs. Sachdev and Flake's opinions she could occasionally stoop persuasive, and Dr. Mormol's opinion largely persuasive to the extent that it was consistent with the finding of sedentary RFC, the ALJ never addressed whether Plaintiff had the ability to stoop in the first place.

On March 4, 2023, consultative physician Dr. Sachdev, opined that Plaintiff could occasionally stoop or bend at the waist. ECF No. 6-3, PageID.92, 96. On August 9, 2023, consultative physician Dr. Flake made the same findings. *Id.*, PageID.101, 104. Thereafter, on March 29, 2024, Dr. Mormol conducted a physical evaluation of Plaintiff. ECF No. 6-11, PageID.991-995. Dr. Mormol wrote:

*General Appearance And Observations:* The claimant is a well appearing female in no acute distress, has proper hygiene, dressed appropriately, has no irregular behaviors. She is able to ambulate from the door, chair, and examination table under her own power with no assistive device. She is able to remove her shoes without issue, however, is unable to bend down to tie and untie her shoes. She is unable to take off her jacket without the assistance of significant other who is present. She is able to make a fist bilaterally. She is able to pick up flat objects from a flat surface and she can touch all fingertips to her thumbs. There are no buttons or zippers to assess ability to zip, unzip, or button or unbutton. Her grip strength is 5/5 bilaterally. She is fully cooperative throughout the entirety of the exam.

*Coordination/Station/Gait/Foot Drop:* Patient has a grossly normal gait. She is unable to walk on her heels and toes secondary to reproducible back pain when doing so. She is able to perform tandem gait normally. She is able to hop and squat with full range of motion. Bending at the waist is limited to approximately 30 degrees. She is not utilizing an assistive device

*Straight Leg Raise Test:* Straight Leg raise negative bilaterally while seated and supine. No muscle spasm, atrophy or joint deformity.

*Motor Function:* Patient has 5/5 strength in the bilateral upper extremities. In the left lower extremity patient has 4/5 strength with flexion of the bilateral hips, however, otherwise has 5/5 strength in the lower extremities.

*Id.*, PageID.993. Dr. Mormal concluded by finding that Plaintiff had no limitation

in her ability to stoop:

> POSTURAL ACTIVITIES:   Due to patient's inability to walk on tandem and heel, I recommend that patient only balance occasionally; however, has no limitation to climbing, stooping, kneeling, crouching, and crawling.

*Id.*, PageID.995.   Plaintiff argues that Drs. Sachdev and Flake's opinions predate Dr. Mormol's evaluation and, therefore, they did not have his report at the time they rendered their opinions.

An ALJ is required to evaluate the medical opinions pursuant to 20 U.S.C. § 404.1520c.   The ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," including opinions from a treating source.   20 U.S. § 404.1520c(a).   Instead, an ALJ will articulate his or her determination of the persuasiveness of a medical opinion "in a single analysis using the factors in paragraph (c)(1) through (c)(5) of this section, as appropriate."   20 U.S. § 404.1520c(b)(1).   These factors include: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors which tend to support or contradict the opinion.   20 C.F.R. § 404.1520c(c)(1)–(5).   In general, the ALJ must explain his consideration of the supportability and consistency factors but the ALJ is not required to explain how the remaining factors were considered. 20 C.F.R. §  404.1520c(b)(2).   The  regulation  explains  "supportability"  and "consistency" as follows:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting  explanations  presented  by  a  medical  source  are  to support his or her medical opinion(s) or prior administrative medical

finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)–(2).

Before evaluating the prior administrative medical findings, the ALJ

addressed Plaintiff's March 2024, medical consultative examination with Dr. Mormol:

> In March 2024, she participated in a medical consultative examination to which her husband drove her. She presented without any assistive device. The medical consultative examiner had access to certain medical files and reviewed those as well, as indicated in the report (Exhibit 17F/2). Her chief complaint was back pain. The claimant reported being able to dress, but needing some help with putting on her socks. She uses a shower chair. She stated she is unable to perform most housework tasks. She is able to shop for small trips only. She has no issues handling or managing funds. Her medications were noted only as Tylenol 500mg, Flexeril 10mg, Trazodone 100 mg nightly, and Naltrexone 1000 mg. On physical examination, she was 210 pounds, which the undersigned did account for in combination with her back pain when limiting the claimant to less than sedentary work. She was able to ambulate from the door, chair and examination table independently and with no assistive device. She was able to remove her shoes without issue. However, she was unable to bend down to tie or untie her shoes. Her husband had to help take off her jacket. She was able to make a fist bilaterally; pick up flat objects from a flat surface; and touch all fingertips to her thumbs. Her grip strength was 5/5 bilaterally. Her gait was considered normal. She was unable to walk on her heels and toes due to back pain, but she was able to tandem walk. She was able to hop and squat with full range of motion. Bending at the waist was limited to 30 degrees. Her straight leg raising was negative bilaterally and she displayed no muscle spasm, atrophy or joint deformity. Her upper extremity strength was 5/5. Her left lower extremity strength was 4/5 with flexion of the bilateral hips. Otherwise, her lower extremity strength was fully intact at 5/5. She had normal range of motion in all areas. Her sensation was intact in both the upper and lower extremities. She was tender in the paraspinal region extending from her neck to her tailbone. Although she reported muscle spasms, there was none seen during the consultative examination. Her Waddell sign was negative. There were no trigger point tenderness (Exhibit 17F).

ECF No. 6-2, PageID.43. In fact, when viewing Dr. Mormol's opinion as largely

persuasive, the ALJ concluded that a more restrictive RFC was appropriate. Dr.

Mormol determined that Plaintiff could bend at the waist to 30 degrees but found no

limitations in Plaintiff's ability to stoop. The ALJ explained that Dr. Mormol's

findings were largely persuasive, but the ALJ provided a more restrictive RFC,

including limiting Plaintiff to occasional stooping.    The ALJ further explained:

> The medical consultative examiner opined the claimant is limited to standing/walking for 2-4 hours; sitting for up to 8 hours a workday; lift/carry a maximum of 10 pounds; no reaching, handling, fingering or feeling limits; balancing occasionally; limits to working at heights, around heavy machinery, extremes of temperatures, chemicals, dust, fumes, and gases. No limitation to excessive noise (Exhibit 17F/6). This is largely persuasive to the extent it is consistent with the sedentary residual functional capacity defined in this decision. Again, as noted above, the claimant did undergo surgery with no particular or unusual complications after her 2022 surgery. She sees her primary care physician for some treatments and takes Tylenol for pain and Flexeril for any muscle spasms. She was not always positive for muscle spasms on physical examination. She had some tenderness and muscle tightness on physical examination, but typically, her sensation, gait and muscle strength were intact. Her muscle strength was 4/5 at one point, but this is mildly reduced. She was not reporting any problems with her bowels or bladder that would point to a diagnosis of cauda equina or a serious nerve root impingement.

ECF No. 6-2, PageID.44.    Here, the ALJ considered the medical evidence, including Dr. Mormol's examination of Plaintiff and his opinions when formulating her RFC finding.    Dr. Mormol did not indicate that greater limitations were necessary.

For these reasons, the undersigned recommends that the Court determine that the ALJ's decision meets the requirements of 20 C.F.R. § 404.1520(c) and is supported by substantial evidence.

Finally, it is worth noting that none of the jobs that the VE identified, from the Dictionary of Occupational Titles (DOT), that Plaintiff could perform, including: account clerk, DOT #205.367-014, 1991 WL 671715, order clerk food and beverage, DOT #209.567-014, 1991 WL 671794, and document preparer DOT #249.587-018, 1991 WL 672349, require stooping.

## IV.    Recommendation

Accordingly, it is respectfully recommended that the Court affirm the decision of the Commissioner because the ALJ did not commit legal error, and substantial evidence exists to support the ALJ's decision.

NOTICE TO PARTIES:    Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.    28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).    Failure to file timely objections constitutes a waiver of any further right to appeal.    *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).    *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:    April 27, 2026                          /s/ *Maarten Vermaat*
                                                                    MAARTEN VERMAAT
                                                                    U.S. MAGISTRATE JUDGE